IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE VALENCIA,

       Plaintiff,

v.                                                CV 13-930 RB/WPL

OFFICER HEINZ DE LUCA, OFFICER
SEAN STRAHON, OFFICER CASEY
SALAZAR, OFFICER MARK
LEWANDOWSKI, OFFICER ALAN
MASCARENAS, individually and in their
official capacities and as employees of the
Santa Fe Police Department, and the
CITY OF SANTA FE,

       Defendants.

**ORDER STAYING DISCOVERY**

Jose Valencia brought claims for illegal seizure, excessive force and First Amendment retaliation under 42 U.S.C. § 1983 and state tort law claims against the City of Santa Fe and five of its police officers arising out of a traffic stop in Santa Fe that occurred on September 8, 2011. The Defendants have filed a motion for summary judgment on the basis of qualified immunity and request that I stay discovery pending a ruling on their motion. (Doc. 33.) Valencia denies that the Defendants are entitled to summary judgment and opposes a stay of discovery (Doc. 39), and he has submitted an affidavit from his counsel under Federal Rule of Civil Procedure 56 to identify the discovery he claims to need to properly respond to the summary judgment motion.

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S.

800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity as early in litigation as possible. *Scott v. Harris*, 550 U.S. 372, 376 (2007) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). The Court has given confusing signals concerning whether discovery is allowed when a qualified immunity defense is pending. In 1991 the Court stated that discovery should not be allowed until the threshold question of qualified immunity is resolved. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow*, 457 U.S. at 818.) Seven years later, the Court clarified that the defense of qualified immunity does not create an immunity from all discovery but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 594 n.14 (1998). In 2009 the Court once again emphasized that the "basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including the avoidance of disruptive discovery." *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). The Court concluded that, in a suit with multiple defendants, only some of whom assert qualified immunity, all discovery should be postponed pending a ruling on qualified immunity. *Id*. The Court explained that if discovery proceeds between the other parties, "it would prove necessary to petitioners and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id*. at 685. Thus, even if the defendants were not subject to discovery orders, "they would not be free from the burdens of discovery." *Id*. at 685-86.

Limited discovery while a motion for qualified immunity is pending may be appropriate in certain cases.[1] For example, discovery may be appropriate when a qualified immunity

---

[1] Valencia cites a number of cases in support of the argument that a party opposing summary judgment should have an adequate opportunity for discovery. *See Been v. O.K. Indus., Inc.*, 495 F.3d

argument is not well-developed or compelling on its face. *See Robillard v. Bd. of Cnty. Comm'rs.*, Civ. A. No. 11-cv-03180-PAB-KMT, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (unpublished) (finding that the individual defendants' qualified immunity defense, which was raised as a one paragraph alternative defense relegated to a footnote, was not well supported.) On the other hand, discovery should not be necessary when a qualified immunity defense is raised in a motion to dismiss that accepts the truth of the allegations in the plaintiff's complaint. *See* FED. R. CIV. P. 12(b)(6); *A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045, at *2-3 (D. Colo. July 12, 2012) (unpublished), *objections sustained on other grounds*, Civ. A. No. 12-cv-00732-WYD-KMT, 2012 WL 5874170 (D. Colo. Oct. 9, 2012) (unpublished).

The situation is somewhat more complicated when the defense is raised in a motion for summary judgment, a situation discussed in *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004). David Rome sued three Denver police officers for false arrest, excessive force and assault and battery, and he also sued the City and County of Denver in a *Monell*-type claim. 255 F.R.D. at 642. In June 2004 the court issued a scheduling order for discovery, and two months later the defendants moved for summary judgment asserting, among other grounds, a qualified immunity defense, and they also moved to stay discovery pending determination of their motion. *Id*. at 642-43. The court held that, while "a well-supported claim of qualified immunity should shield a defendant from 'unnecessary and burdensome discovery,' invocation of the defense is not a bar to all discovery." *Id*. at 643 (quoting *Crawford-El*, 523 U.S. at 598). The court recognized that a qualified immunity defense is available only to individual governmental officials and not to

---

1217 (10th Cir. 2007); *Doe v. Abington Friends School*, 480 F.3d 252 (3d Cir. 2007); *Information Handling Services, Inc. v. Defense Automated Printing Services*, 338 F.3d 1024 (D.C. Cir. 2003). Since none of these cases involve the defense of qualified immunity, they are not applicable to the present motion to stay.

governmental entities; applies only to claims for monetary damages, and does not apply to claims for declaratory or injunctive relief; and applies only to claims against officers in their individual capacities, and does not apply to official-capacity claims. *Id*. Thus, discovery would be permissible despite an allegation of qualified immunity for cases alleging claims against government entities, cases alleging official-capacity claims against individual officers, and requests for declaratory or injunctive relief. *Id*. at 645. The court recognized that discovery may be necessary when a qualified immunity motion is based upon contested facts. *Id*. Additionally, because the official controls when the qualified immunity motion is presented, it may be appropriate to permit discovery up until the point that the qualified immunity defense is raised. *Id*. at 644. The court ordered the officers to respond to the plaintiff's discovery requests served before the motion was filed, and it declined to stay discovery against the City and County of Denver because they were not entitled to raise a qualified immunity defense.[2] *Id*.

The parties assert that the District of New Mexico follows a standard policy of staying discovery whenever defendants assert a qualified immunity defense. (Doc. 33 at 4; Doc. 39 at 3.) Some courts in this District have made broad statements about staying discovery when a qualified immunity motion is pending. *See Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *3 (D.N.M. Dec. 20, 2012) (unpublished) ("[T]he Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit have provided strong language directing district courts to stay discovery when a qualified immunity defense is asserted."); *Francomano v. Univ. of New Mexico*, No. CIV. 03-1211 JP/RHS, slip op. at 2 (D.N.M. June 23, 2004) (unpublished) ("Thus, when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion.") A closer reading of these cases, however, shows that courts are not inflexibly staying

---

[2] The soundness of this latter holding is called into question by *Iqbal*. *See* 566 U.S. at 685-66.

discovery without considering the circumstances of the case. In *Herrera*, the court recognized that government officials who claim qualified immunity are not protected from all discovery but only from avoidable or overly broad discovery, and it denied further discovery because the plaintiff failed to prove that the additional discovery was necessary to resolve the qualified immunity issue. *See Herrera*, 2012 WL 6846393, at *5, *7-11. Similarly, in *Francomano*, the court acknowledged that a stay of discovery was not absolute and that the plaintiff could seek to obtain discovery to respond to the motion, but it denied discovery because the plaintiff failed to file a Rule 56 affidavit explaining what discovery he desired and how the anticipated discovery would assist in overcoming the defendant's *prima facie* showing of entitlement to judgment. *See Francomano*, slip op. at 3-4.

Defendants have provided the court with numerous dash-cam videos, which document much of what transpired when this incident occurred. (Doc. 31, Ex. A-E.) For example, Officer De Luca's video shows both the alleged reason he stopped Valencia's vehicle and what occurred after the stop. (Doc. 31 Ex. A.) The other videos capture different segments of what occurred that evening and slightly different views. (Doc. 31 Exs. B-E.) At the summary judgment stage, courts are usually required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 376, 377 (2007). However, when there is clear video evidence that contradicts the story told by the party opposing the motion, the court should not blindly accept the party's story but should view the facts in the light depicted by the video. *Id.* at 380-81. Because the video may not capture the entire incident, in addition to relying on the video, the court must also continue to view the evidence in the light most favorable to the party opposing the motion. *Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010). Valencia carefully avoids discussing these principles in his briefing.

Rule 56(d) permits a plaintiff, under certain circumstances, to obtain limited discovery to respond to a qualified immunity motion. To obtain such discovery, a plaintiff must file an affidavit or declaration demonstrating what discovery is necessary, what the discovery is likely to disclose and how the proposed evidence will assist the plaintiff in overcoming the defendant's *prima facie* showing of entitlement to qualified immunity. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (holding that a Rule 56(d) affidavit must identify the information that is not available and state with specificity how the information will rebut the motion); *Ben Ezra, Weinstein, & Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (holding that a party may not simply assert that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the party "must demonstrate precisely how additional discovery will lead to a genuine issue of material fact").

Despite the existence of the video evidence, Valencia requests that he be allowed to depose all five officers who responded to the scene on September 8, 2001, together with the two passengers in his car. He proposes no limits on these depositions. Officer Lewandowski arrived on the scene after the traffic stop was made and Valencia was removed from his vehicle. (Doc. 31, Ex. D.) Valencia fails to explain how Lewandowski's testimony could possibly rebut Defendants' motion. He also does not explain why he could not submit affidavits from his passengers and instead needs to take their depositions. Valencia states that he served interrogatories and requests for production on Defendants before they filed their motion and that they have failed to respond to these discovery requests. However, he failed to attach these documents to his briefing, so I cannot evaluate whether it would be appropriate to order Defendants to respond to them.

Further, it appears that Valencia has ample evidence to challenge the pertinent factual issues. He has filed a forty-nine-paragraph affidavit that comprehensively outlines his story about how the incident occurred and contradicts assertions made by the police officers. (Doc. 40 Ex. D.) Officers De Luca, Strahon and Salazar prepared narrative reports concerning their actions that night, and Valencia has attached these reports to his response to Defendants' motion for summary judgment. (Doc. 40, Ex. B.) Also, Valencia has attached a statement that Officer De Luca gave to the Santa Fe Police Department's Internal Affairs Division about his interaction with Valencia. (Doc. 40, Ex. A.)

Valencia claims that the police reports and Officer De Luca's internal affairs statement contradict the affidavits submitted by the officers in support of their motion. That may be true. If it is, the Court will have to determine whether the contradictions create a genuine dispute as to a material fact. *Scott*, 550 U.S. at 380; *Thomas*, 607 F.3d at 664-65. Because the videos depict much of what happened that night and Valencia did not request limited discovery designed specifically to rebut Defendants' qualified immunity argument, Defendants' motion to stay (Doc. 33) is granted and Valencia's request for additional discovery must be denied.

IT IS SO ORDERED.

                                                  _____
                                                  William P. Lynch
                                                  United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket